KC FILED
FEB 2 5 2008
2-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT CIRCUIT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Officer Beatrice Holder, | ) | No. 08 C |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08CV1131 |
| | ) | JUDGE ANDERSEN |
| Cook County, Illinois, a body politic, | ) | MAGISTRATE JUDGE DENLOW |
| Sheriff Tom Dart, Michael Sheahan, | ) | |
| Cook County Department of Corrections, | ) | |
| Defendants. | ) | Jury Trial Demanded |

## COMPLAINT AT LAW -- TITLE VII OF CIVIL RIGHTS ACT OF 1964 (RACE-BASED DISCRIMINATION IN EMPLOYMENT)

Plaintiff complains of the Defendants as follows:

1. This cause seeks redress for race-based discrimination in employment in violation of Title VII of the Civil Rights Act of 1964. Jursidiction is based upon Federal statute and "Federal question," under Title 28 USC Section 1331.

2. Venue is proper based upon Title 28 USC Section 1391 as all acts complained of occurred within the geographic scope of the Northern District of Illinois.

3. At all times relevant to this Complaint, Plaintiff Officer Beatrice Holder was and remains a deputy Sheriff of Cook County, Illinois, employed within the Cook County Department of Corrections as a corrections officers at the Cook County Jail. Plaintiff is African American or black, and as such is a member of a racial minority.

4. At all times relevant to this Complaint, Sheriff Tom Dart or his predecessor Michael Sheahan, both of whom are Caucasian American, was the Sheriff of Cook County, Illinois, and thus in charge of the Cook County Sheriff's Police as well as the Cook County Department of

Corrections (referred to sometimes herein as "CCDOC"). At all times relevant to this Complaint, Sheriff Tom Dart, Superintendent Hickerson, Director Joseph Logue, Director of DCSI, Acting Director Trebilco, Director Marcus Lyles, Lieutenant Howell, Lieutenant Ellison, Director Kurdivich, Lieutenant Tracie Connors, Legal Adviser Joseph V. Consolo, Officer Theresa Kruel, Assistant Director Romero, Executive Director Godinez, Sergeant Moreci, Sergeant Hartman, Superintendent Snooks, Deputy Chief Kaufman, Captain Hudek, Officer Ludwig, Director of Personnel Rosemarie Nolan, Investigator Kustra, Officer Fite, Officer Matea, Officer McConnell, Sergeant Kaputo, Captain Vivado, Captain Bielat, Captain Dembose, Superintendent Holmes, Sergeant Conway, Officer Thiery, Officer Redmond, Officer Prusser, Captain Kelly and Superintendent Andrews, all of whom are Caucasian American, were and remain supervisory agents and supervisory employees of Cook County Sheriff's Police or of the Cook County Department of Corrections. At all times relevant to this Complaint, Cook County was and remains a body politic, the organization of which includes the Cook County Jail as well as the Cook County Department of Corrections.

    5.    The Defendants and their agents, acting within the scope and course of their employment by Defendants, have engaged and continue to engage in a pattern and practice of race-based discrimination in the Plaintiff's employment, all of which has been purposefully directed to garnering for the benefit of Caucasian American Officers and personnel the highest-ranked, highest paid and most desirable positions, benefits, working conditions and job assignments, to the exclusion of African American and Latin American officers including Plaintiff. Specifically, the Defendants' discriminatory conduct includes:

    a)    promoting Caucasian American Officers to superior ranked positions, including sergeant and other ranked, supervisory positions (Lieutenant, Captain, Director, etc.), even in cases where said Caucasian American Officers and superiors have minimal seniority and records of disciplinary action for misconduct or infractions of the

employment rules.

b) assigning Latin American and African American Officers to lowest level guard duty, with maximum inmate contact, and reserving for Caucasian American Officers and personnel the more desirable and "softer" assignments, including those which allow the (Caucasian American) officers the opportunity to leave the confines of the Jail premises while on the job.

c) refusing to approve medical leave of African American Officers even when the examining physicians recommend light duty or limited assignments due to injury and consequent physical limitations of said African American Officers.

d) imposing discipline against Latin American and African American Officers for alleged infractions of the rules applicable to Cook County Jail Corrections Officers in circumstances where they do not mete out any discipline against Caucasian American Officers, and imposing more severe discipline against Latin American and African American Officers than against Caucasian American Officers for the same infractions.

e) denying grievances prosecuted by Latin American and African American Officers in response to disciplinary action wherein Caucasian American Officers who commit the same infractions either do not receive citations of disciplinary action or their grievances are sustained so that no disciplinary action results.

f) refusing to show Latin American and African American Officers their test results when said officers purportedly fail the tests required to be passed in order to obtain promotions to sergeant and other supervisory-level positions.

6. Plaintiff Officer Beatrice Holder ("Holder") is an African American Officer and has been a CCDOC Officer for several years. Her disciplinary record is clean.

7. These actions by the Respondents have directly and proximately caused substantial damage to Plaintiff, including loss of earnings, pain, suffering, mental anguish,

humiliation, diminution of reputation, increased peril and exposure to risk of injury and inmate attack on the job. Although the supervisor-level personnel of CCDOC have been notified of these issues, none of them have taken measures to implement fair and equal access hiring, promotion and employee assignment methods.

Wherefore, Plaintiff Officer Beatrice Holder respectfully requests entry of judgment in her favor against Defendants Cook County, Illinois, a body politic, Cook County Sheriff Tom Dart, former Cook County Sheriff Michael Sheahan and Cook County Department of Corrections, jointly and severally, in a sum in excess of $50,000.00, representing lost wages, front and back pay, forgone opportunity costs, mental anguish, stress, pain and suffering, attorney's fees and court costs, together with such further relief as the Court deems just and equitable.

Respectfully submitted,

Beatrice Holder,

By: /s/ Michael J. Greco
Michael J. Greco
Attorney for Plaintiff

Michael J. Greco
Attorney at Law
Attorney for Plaintiff
70 W. Hubbard Street
Suite 302
Chicago, Illinois 60610
312 222-0599
Attorney No. 06201254