**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BEATRICE HOLDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 08 C 1131** |
| **v.** | ) | |
| | ) | **Judge Wayne Andersen** |
| **Cook County, Illinois, a body politic,** | ) | |
| **Sheriff Tom Dart, Michael Sheahan,** | ) | **Magistrate Judge Denlow** |
| **Cook County Department of Corrections,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MOTION TO DISMISS COMPLAINT

_____

NOW COME Defendants by their attorney, RICHARD A. DEVINE, State's Attorney of

Cook County, through his Assistant State's Attorney, Arleen C. Anderson, and pursuant to

Federal Rules of Civil Procedure 12(b)(1) and (6), move this Honorable Court to dismiss the

Complaint of Plaintiff Beatrice Holder ("Holder"), attached hereto as Exhibit A. In support of

their motion, Defendants state as follows:

## I.

### INTRODUCTION

Holder is employed as a correctional officer at the Cook County Jail. (Complaint, ¶ 3)

She is African-American. (*Id*.).  On February 25, 2008, she filed a "Complaint at Law" alleging

that Defendants, "acting within the scope and course of their employment," and "in violation of

Title VII of the Civil Rights Act of 1964," "engaged and continue to engage in a pattern and

practice of race-based discrimination in the Plaintiff's employment, all of which has been

purposefully directed to garnering for the benefit of Caucasian American Officers and personnel[,] the highest-ranked, highest paid and most desirable positions, benefits, working conditions and job assignments…." (Complaint, ¶¶ 1, 5). Holder, however, attempts to support her claim with vague factual allegations of discriminatory conduct which, instead of relating to herself specifically, concern all "African American and Latin American" correctional officers working at the Cook County Jail. (Complaint ¶¶ 5b, 5c, 5d, 5e, 5f). The allegations in the Complaint are deficient and therefore it must be dismissed pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## II.

## ARGUMENT

**A**.    **LEGAL STANDARD**

The Court grants the same deference to the complaint when considering either a 12(b)(1) or 12(b)(6) motion. *Potts v. United States Parcel Service, Inc*., No. 07 C 3949, 2008 U.S. Dist. LEXIS 39445, *5 (N.D. Ill. May 9, 2008). It therefore assumes the truth of all well-pleaded allegations and draws all reasonable inferences in favor of the plaintiff. *Id*. The Court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face," and to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007) ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'") (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, at 233-34 (3d ed. 2004)).

**B**.    **HOLDER'S ALLEGATIONS ARE INSUFFICIENT TO SHOW THAT SHE HAS ARTICLE III STANDING AND HER COMPLAINT THEREFORE MUST BE DISMISSED UNDER RULE 12(b)(1).**

This Court's judicial power may be exercised "only within the context of 'Cases' and 'Controversies.'" *Freedom From Religion Foundation v. Nicholson*, _ F.3d _, No. 07-1292, slip op. at 13 (7th Cir. Aug. 5, 2008).  The party invoking federal jurisdiction bears the burden of demonstrating Article III standing. *Id.*; *see also Beam v. Gonzales*, 548 F. Supp. 2d 596, 602 (N.D. Ill. 2008) (the parties invoking federal jurisdiction, bear the burden of demonstrating that they have standing).  The Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

The modern formulation of the constitutional limitations of the standing doctrine was elucidated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), where the Supreme Court stated:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (citations and internal quotations omitted).  In her Complaint, however, Holder proposes to pursue alleged across-the-board discrimination relating to promotions, job assignments and discipline on behalf of every "African American and Latin American" officer at the Cook County Jail, but fails to allege that she herself has suffered a concrete and particularized injury resulting from the Defendants' alleged conduct.  Nor does Holder allege that she "'is immediately in danger of sustaining some direct injury as a result of the challenged official conduct and the injury or threat of injury . . . is both real and immediate,

not conjectural or hypothetical.'" *Piggee v. Carl Sandburg College*, 464 F.3d 667, 673 (7th Cir.

2006), *quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). "The mere fact that an

aggrieved private plaintiff is a member of an identifiable class of persons of the same race or

national origin is insufficient to establish his standing to litigate on their behalf all possible

claims of discrimination against a common employer." *Gen. Tel. Co. of the Southwest v. Falcon*,

457 U.S. 147, 158 n. 15 (1982). *See also Sanner v. Board of Trade*, 62 F.3d 918, 922 (7th Cir.

1995) (inherent in establishing standing is that a plaintiff must pursue her own legal rights and

cannot base a claim for relief upon the rights of third parties).

      Because Holder has not alleged any injury sufficient to confer standing, this Court lacks

jurisdiction to entertain her claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-

104 (1998) ("This triad of injury in fact, causation, and redressability constitutes the core of

Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears

the burden of establishing its existence.").

**C.**    **HOLDER FAILS TO ASSERT ANY ALLEGATIONS TO ESTABLISH THAT
SHE HAS FULFILLED THE PRECONDITIONS TO FILING A TITLE VII CLAIM
IN FEDERAL COURT AND HER COMPLAINT THEREFORE MUST BE DISMISSED
UNDER RULE 12(b)(6).**

      It is well established that, "[t]here are several prerequisites for bringing a Title VII claim.

A plaintiff must file a charge with the EEOC [Equal Employment Opportunity Commission]

detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC

must issue a right-to-sue letter." *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675,

680 (7th Cir. 2005). A complaint is subject to dismissal if the plaintiff lacks a right-to-sue letter.

*Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir. 1991). Holder does not allege in her

complaint that she alerted the EEOC to the specific alleged discriminatory conduct of which she

now complains or that she received a right-to-sue letter from the EEOC prior to filing suit in this

Court.  Accordingly, her complaint should be dismissed for failure to establish fulfillment of the

prerequisites to filing a Title VII claim. *See Hobson v. Tishman Speyer Props., L.P.*, No. 07 C

5744, 2008 U.S. Dist. LEXIS 49254, *5 (N.D. Ill. June 27, 2008) (noting that court had

dismissed plaintiff's Title VII claims in original complaint without prejudice because she had not

received a right-to-sue letter from the EEOC).  *See also Alerquin v. General Fire Extinguisher

Corp.*, No. 94 C 5991, 1995 U.S. Dist. LEXIS 1663 , *9-12 (N.D. Ill. Feb. 8, 1995) (same);

*Sherman v. Standard Rate Data Service, Inc.*, 709 F. Supp. 1433, 1437 (N.D. Ill. 1989) (same).

**D.    A TITLE VII CLAIM NECESSARILY IS AN OFFICICAL-CAPACITY SUIT AND
THE ONLY PROPER DEFENDANT IS THE EMPLOYER AS AN ENTITY.**

Holder names Cook County, Sheriff Tom Dart, former Cook County Sheriff Michael

Sheahan, and the Cook County Department of Corrections as defendants in this lawsuit.   A Title

VII claim "necessarily [is] an official-capacity action because only an 'employer' is covered by

that statute . . . ; the suit must proceed against the employer as an entity rather than against a

natural person." *Carver v. Sheriff,* 243 F.3d 379, 381 (7th Cir. 2001).

**1.    Michael Sheahan Should Be Dismissed.**

Although Holder has pleaded and admits that Sheahan was succeeded by Dart as the

Sheriff of Cook County, she nonetheless names Sheahan as a defendant. (Complaint ¶ 4).

Plaintiff has sued two defendants in their official capacities for the same political office.  It is

inappropriate to name Sheahan in his former official capacity and he must be dismissed as a

party. *Brown v. County of Cook*, 549 F. Supp. 2d 1026, 1028 n.1 (N.D. Ill. 2008).  *See also*

FRCP 25(d) ("When a public officer is a party to an action in his official capacity . . . the

officer's successor is automatically substituted as a party.").

**2.    The Cook County Department of Corrections Should Also Be
Dismissed.**

The Cook County Department of Corrections ("CCDOC") is not a suable entity. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993); *McKinney v. Sheahan*, No. 07 C 1485, 2007 U.S. Dist. LEXIS 84428 , *4-5 (N.D. Ill. Nov. 15, 2007); *Smith ex rel. Smith v. Certain Unknown Cook County Dep't of Corr. Officers,* No. 05 C 1264, 2006 U.S. Dist. LEXIS 87577, 2006 WL 3798793, at *1 (N.D. Ill. Nov. 30, 2006); *McLaughlin v. Cook County Dep't of Corrections,* 993 F. Supp. 661, 664 (N.D. Ill. 1998).  Illinois law specifically provides that the CCDOC is merely a department created within the office of the Cook County Sheriff, 55 ILCS 5/3-15002 and 5/3-15003. Furthermore, the executive director of the CCDOC serves at the discretion of the Sheriff. *Id*. at 5/3-1502. Also, all appropriations for the CCDOC are established and provided by the Cook County Board. 55 ILCS 5/3-15015. Because the Cook County Department of Corrections lacks the necessary separate legal existence to make it a suable entity, it should be dismissed as a party to this suit.

### CONCLUSION

WHEREFORE, for the above reasons, Defendants, respectfully requests that this Honorable Court grant this Motion to Dismiss Plaintiff's Complaint with fees and costs and such further relief as this Court deems just.

Respectfully submitted,

State's Attorney of Cook County

By:  /s/ Arleen C. Anderson
Arleen C. Anderson
Assistant State's Attorney

Arleen C. Anderson
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
(312) 603-5471