# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BEATRICE HOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1131 |
| v. | ) | |
| | ) | |
| Cook County, Illinois, a body politic, | ) | |
| Sheriff Tom Dart, Michael Sheahan, | ) | |
| Cook County Department of Corrections | ) | |
| | ) | Wayne R. Andersen |
| Defendants. | ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants Cook County, Illinois, Sheriff Tom Dart, former Sheriff Michael Sheahan, and the Cook County Department of Corrections (collectively "defendants") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted. Plaintiff's complaint is hereby dismissed.

## BACKGROUND

Plaintiff Beatrice Holder ("Holder") is a deputy Sheriff of Cook County, Illinois and is employed within the Cook County Department of Corrections as a corrections officer at the Cook County Jail. Holder filed the original complaint in this case on February 25, 2008. The allegations in the complaint alleged that defendants had violated Title VII of the Civil Rights Act of 1964 ("Title VII") by engaging in racial discrimination. Defendants filed a motion to dismiss the original complaint on August 22, 2008. Rather than responding to the motion to dismiss, Holder filed a motion to amend the complaint on January 9, 2009. At a status hearing before this court on January 29, 2009, Holder's attorney indicated that the amended complaint would cure

the defects raised by defendants' motion to dismiss. Accordingly, we denied defendants' original motion to dismiss as moot and granted Holder leave to file an amended complaint.

On February 6, 2009, Holder filed an amended complaint, again seeking redress for race-based discrimination in violation of Title VII. Specifically, Holder's amended complaint alleges that as an African American deputy sheriff she has been the target of race-based discrimination by the defendants and their agents throughout the course of her employment at Cook County Jail. Am. Cmplt. ¶¶ 1-5. Specifically, Holder's amended complaint states that throughout her employment she and other African American and Latin American officers were consistently denied the same opportunities as Caucasian officers with respect to, among other things, shift assignments, level of guard duty, and approval of leave. Am. Cmplt. ¶ 5(a)-(h). Furthermore, Holder alleges that she received several disciplinary write-ups, which she appears to believe were not justified. Am. Cmplt. ¶ 5(i)-(k).

On February 27, 2009, defendants moved to dismiss the amended complaint. Defendants's motion claims that "Holder has failed to cure several of the defects enumerated in Defendants' prior motion to dismiss." Mot. at 2. We now turn to the substance of defendants' motion.

## **LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007)(quoting *Twombly*, 550 U.S. at 555).

## **DISCUSSION**

Defendants' motion to dismiss sets forth two main arguments: 1) some of the defendants were improperly sued pursuant to Title VII, and 2) the entirety of Holder's complaint must be dismissed because she failed to allege that she received a right-to sue letter from the Equal Employment Opportunity Commission ("EEOC") prior to filing her Title VII claim before this court. Mot. at 2-4. Because we find that defendants' motion should be granted pursuant to the latter argument, we need not discuss the merits of defendants' first argument.

One of the prerequisites for bringing a Title VII claim is that a plaintiff must file a timely charge with the EEOC that describes the alleged discriminatory conduct and that the EEOC must then issue a right-to-sue letter. *Conner v. Ill. Dep't of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). If a plaintiff does not obtain a right-to-sue letter then the complaint is subject to dismissal. *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991).

In response to defendants' motion claiming that Holder had not received a right-to-sue letter from the EEOC, Holder attached her right-to-sue letter to her response filed with the court. Resp. at Exh. 1. However, defendants' then claimed in their reply brief that because the allegations in Holder's amended complaint set forth only racial discrimination claims and Holder only checked the "retaliation" box on the EEOC charge form, the right-to-sue letter does not give Holder the right to proceed with this case.

3

"A plaintiff generally cannot bring a claim in a lawsuit that was not alleged in the EEOC charge." *Graham v. AT&T Mobility, LLC*, 247 Fed. Appx. 26, 29 (7th Cir. 2007)(citing *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994)). Although failing to check the correct box on the EEOC charge does not automatically mean that a plaintiff's claim must fail, the claim checked in the EEOC charge must be "reasonably related" to the Title VII claim made before the court. *Lewis v. Chi. Extruded Metals, Co.*, No. 08 C 2621, 2008 U.S. Dist. LEXIS 91098, at *1-2 (Nov. 10, 2008)(citing *Jenkins v. Blue Cross Mutual Hosp. Ins. Inc.*, 538 F.2d 164, 168 (7th Cir. 1976). The purpose behind the prerequisite of the EEOC charge is so that the employer is on notice about the particular conduct that is being challenged. *Graham*, 247 Fed. Appx. at 29 (citing *Cheek*, 31 F.3d at 500).

In this case, Holder filed an original EEOC charge in April 2007 that alleges that she was discriminated against on the basis of her race. However, this charge cannot be the basis of her current action because such action would be untimely. Holder's subsequent EEOC charge was filed in October 2007. In the October 2007 EEOC charge Holder only checked the box for retaliation, and listed June 2007 to October 2007 as the time period in which the alleged retaliation occurred. Reply at Exh. B. (Whereas in her original EEOC charge for race and gender-based discrimination, Holder alleged that the discrimination took place between March and April of 2007). Reply at Exh. C. This time frame reflects the period following Holder's filing of the original EEOC charge. Holder's October 2007 EEOC charge also stated that she had been given numerous written warnings and that she believed she had been retaliated against for engaging in protected activity in violation of Title VII. Reply at Exh. B. The only reference to any discrimination in the charge is Holder's reference to the fact that she had filed a previous

4

EEOC charge of discrimination in April 2007. *Id.*

The Seventh Circuit was faced with almost identical facts in *Graham* and affirmed the district court's dismissal of plaintiff's complaint because the plaintiff "failed to satisfy the prerequisite of alleging a discrimination claim in his [second] EEOC charge form." *Graham*, 247 Fed. Appx. at 29. Similarly, in *Lewis*, the district court held that its facts were not in distinguishable in any relevant fashion from the facts of *Graham* and thus followed the Seventh Circuit precedent in *Graham* and dismissed the relevant portion of the plaintiff's complaint. The only difference between *Graham* and *Lewis* is that in *Lewis*, as here, the two EEOC charges were filed more closely together than they were in *Graham*. However, the *Lewis* court stated that in *Graham*,

> [t]he Seventh Circuit reasoned that because [the plaintiff] made no mention of race discrimination in the EEOC complaint; checked only the "retaliation" box on the form; and specifically stated on the form only that he was 'discriminated against because of retaliation,' there was no suggestion in the charge that [the plaintiff] was asserting a race discrimination claim. Moreover, the Seventh Circuit did not mention the time span between Graham's two EEOC charges as having any impact on its conclusion that the second charge did not allege a race discrimination claim.

*Lewis*, 2008 U.S. Dist. LEXIS 91098, at *3 (citing *Graham*, 247 Fed. Appx. at 29). Here, we find the facts of this case virtually indistinguishable from those in *Graham* or *Lewis*. Accordingly, for the reasons set forth in both *Graham* and *Lewis*, we find that because Holder did not assert a claim of race discrimination in the EEOC charge regarding her discharge, defendants' motion to dismiss is granted.

## **CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss [19] is granted. This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: May 5, 2009